UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIMU COMPANY, LLC,

    Plaintiff,

v.                                                                          Case No:  6:12-cv-347-Orl-TBS

ANDREW BURLING and NANCY
BURLING,

    Defendants.

## ORDER

Pending before the Court is Plaintiff, Limu Company, LLC's, Motion to Compel Discovery Responses and Depositions from Defendants, Andrew and Nancy Burling. (Doc. 28).  Defendants have not filed a response in opposition, and the time to do so has expired.  For the following reasons, the motion is due to be granted.

### I.  Background

Plaintiff has sued Defendants for breach of contract, unjust enrichment and promissory estoppel.  On February 6, 2013, Plaintiff served its First Set of Interrogatories ("Interrogatories") and First Request for Production of Documents ("Request for Production") on Defendants by facsimile and U.S. Mail.  (Doc. 28 ¶ 2).  Defendants have not responded to these discovery requests.  (Id. ¶ 3).

Plaintiff set Defendants' depositions for March 11, 2013, but on March 8, 2013, they informed Plaintiff that they would be unable to attend because Defendant Nancy Burling had a medical condition.  (Id. ¶ 5).  Defendants have not provided any alternative dates for their depositions.  (Id. ¶ 7).

Mrs. Burling's unspecified medical condition is the sole reason Defendants have given for their failure to provide discovery. Plaintiff's counsel states that he has conferred with Defendants' counsel, but the two were unable to reach a resolution of these issues. (Id. ¶ 17).

## II.   Analysis

Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). There are, however, boundaries and the Court can limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C)(iii).

A party may serve on any party up to 25 written interrogatories, Fed. R. Civ. P. 33(a)(1), and may serve a request to produce documents that are within the opposing party's possession, custody or control without leave of court. Fed. R. Civ. P. 34(a)(1). The recipient of interrogatories or a request to produce "must respond in writing within 30 days after being served." Fed.R.Civ.P. 33(b)(2) and 34(b)(2). Subject to certain limitations, a party may also depose any person without leave of the court. Fed. R. Civ. P. 30(a)(1).

"There is substantial legal precedent supporting the general rule that if a party fails to respond in writing within thirty days of being served with a request for production of documents, it is appropriate for the court to find that the party's objections are waived,

unless the court finds good cause and excuses that failure." <u>Enron Corp. Savings Plan v. Hewitt Associates, L.L.C.</u>, 258 F.R.D. 149, 156 (S.D. Tex. 2009); <u>see also</u> <u>Siddiq v. Saudi Arabian Airlines Corp.</u>, No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485 *3 (M.D. Fla. Dec. 7, 2011) (stating that a party that does not assert objections to discovery within time permitted by rule, stipulation, or court order waives objections and is precluded from asserting objections in response to a motion to compel); <u>Bank of Mongolia v. M & P Global Financial Services, Inc.</u>, 258 F.R.D. 514, 518 (S.D.Fla. 2009) (stating that a defendant who failed to timely object to plaintiff's document requests and failed to respond to inquiries concerning the whereabouts of defendant's responses waived its objections); <u>Brenford Environmental Systtems, L.P. v. Pipeliners of Puerto Rico, Inc.</u>, 269 F.R.D. 143 (D.P.R. 2010) (stating that a responding party that fails to make a timely objection may be found to have waived any objections); <u>Applied Systems, Inc. v. Northern Insurance Co. of New York</u>, No. 97 C 1565, 1997 WL 639235 *2 (N.D. Ill. Oct. 7, 1997) (stating that a party's failure to raise a timely objection to discovery requests may constitute a waiver of the objection, including the waiver of objections based upon privilege).  In addition, the Court may sanction a person who impedes, delays, or frustrates the fair examination of a deponent.  Fed.R.Civ.P. 30(d)(1).  Defendants have not responded to Plaintiff's discovery requests. Accordingly, they have waived any objections they may have to the Interrogatories and Request to Produce.

Now, the Court **GRANTS** Plaintiff's motion to compel.  Within 14 days of this rendition of this Order, Defendants shall:

(1) Answer in full and serve their answers to the Interrogatories;

(2) Produce all documents responsive to the Request for Production; and

(3)     Provide dates when Defendants are available for the taking of their depositions. These dates shall fall within 30 days from the rendition of this Order.

The party that prevails on a motion to compel is entitled to recover its reasonable attorney's fees and costs except when: (1) the motion to compel was filed before the movant attempted in good faith to get the discovery without court action; (2) the losing party's position was substantially justified; or (3) other circumstances make an award unjust. Fed.R.Civ.P. 37(a)(5)(A). None of the exceptions apply in this case. Accordingly, Plaintiff shall recover its reasonable attorney's fees for the prosecution of this motion. The parties have 14 days from the rendition of this Order within to agree on the sum to be awarded to Plaintiff. If they are unable to agree, Plaintiff shall file its motion for fees and costs and Defendants shall have 14 days to respond.

**DONE** and **ORDERED** in Orlando, Florida on April 10, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record