UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIMU COMPANY, LLC,

         Plaintiff,

vs.

ANDREW BURLING and NANCY
BURLING,

         Defendants.

Case No. 6:12-cv-347-Orl-TBS

_____

**PLAINTIFF, LIMU COMPANY, LLC'S, MOTION TO COMPEL,**
**FOR SANCTIONS AND FOR CONTEMPT AGAINST DEFENDANTS**

Plaintiff, LIMU Company, LLC ("LIMU"), pursuant to Rule 37, Federal Rules of

Civil Procedure, files this Motion to Compel, for Sanctions, and for Contempt against

Defendants, Andrew Burling and Nancy Burling, requesting that the Court strike the

pleadings of Defendants (the "Motion") given their failure to comply with any portion of

this Court's Order dated April 11, 2013 (the "Order")(Doc. No. 33) and failure to

otherwise participate in discovery, and in support states as follows:

**Introduction**

1.     LIMU was forced to initiate this action after Defendants materially

breached a Front Line Membership Agreement (the "Agreement") by failing to meet a

variety of contractual obligations.  Prior to Defendants' breach of the Agreement, LIMU

paid Defendants a one-time signing bonus of $100,000 ("Bonus"), which Bonus was due

to be fully repaid by Defendants to LIMU if they failed to meet certain contractually

agreed upon thresholds.  It was Defendants' inaction and failure to comply with their

initial contractual obligations that resulted in monetary damages to LIMU in the amount of $100,000 and forced LIMU to file this action.

2.      Defendants' inaction has continued throughout this litigation.   Indeed, Defendants have prejudiced LIMU's ability to prosecute this case by refusing to provide relevant discovery despite validly served discovery requests, including interrogatories and a request for production of documents.   Defendants also failed to timely serve any response to requests for admissions served by LIMU.   In fact, Defendants have now also disregarded an Order of this Court by failing to answer the interrogatories at issue, failing to produce any documents in response to the request to produce and failing to provide dates for their depositions, which has now forced LIMU to file this Motion seeking an order compelling discovery responses, sanctions against Defendants (including the award of additional attorneys' fees to LIMU and the striking of Defendants' pleadings), and an order of contempt against Defendants.   Defendants' repeated and willful disregard for the Court and the discovery process warrants the imposition of harsh sanctions against Defendants, including the striking of Defendants' pleadings.

### Background

3.      On February 6, 2013, as part of its discovery efforts in this case, LIMU served a First Set of Interrogatories to Defendants (the "Interrogatories") and a First Request for Production of Documents to Defendants (the "Request for Production") (collectively, the "Discovery Requests") by facsimile and U.S. Mail on counsel for Defendants.   True and correct copies of the Interrogatories and Request for Production are attached hereto as **Exhibits "A" and "B"** respectively.

2

4.      Defendants failed to serve any response to the Discovery Requests before the deadline to respond, which was initially March 8, 2013.

5.      In addition, after properly conferring with and mutually agreeing upon deposition dates for Defendants, LIMU noticed the depositions of Mr. and Mrs. Burling for March 11, 2013, in Hayward, Wisconsin.  A true and correct copy of the Notice of Taking Depositions for Defendants is attached hereto as **Exhibit "C."**

6.      However, on March 8, 2013, counsel for Defendants advised that Mrs. Burling (not Mr. Burling) had a medical condition that precluded her deposition from moving forward on March 11, 2013.   Based upon Mrs. Burlings' claimed medical condition, counsel for Defendants advised that both depositions would need to be rescheduled.   Counsel for Defendants provided no basis for the cancellation of the deposition of Mr. Burling.

7.      After not receiving any responses to the Discovery Requests or responsive documents, and after receiving correspondence from counsel for the Defendants regarding the alleged need to cancel the depositions, LIMU was forced to cancel the depositions set for March 11, 2013.

8.      Despite advising that alternative dates for the Burlings' depositions would be provided, Defendants have failed to ever provide any proposed dates for their depositions.

9.      Defendants' inaction forced LIMU to file a Motion to Compel Discovery Responses and Depositions (the "Motion to Compel").   *See* Doc. No. 28.  Defendants failed to file any response to the Motion to Compel.   Thus, the Court, in its Order,

granted the Motion to Compel, finding that within fourteen (14) days of the Order, Defendants were required to:

- Answer in full and serve their answers to the Interrogatories;

- Produce all documents responsive to the Request for Production; and

- Provide dates when Defendants would be available for the taking of their

depositions, which dates were required to fall within thirty (30) days from the date of the Order.

*See* Doc. No. 33, Pgs. 3-4.

10.    As of the date of this Motion, Defendants have failed to comply with the Order in any manner as Defendants have not:

- Served any answer or response to the Interrogatories;

- Produced a single document in response to the Request for Production; or

- Provide any dates for their depositions.

11.    Defendants continued refusal to produce relevant discovery and comply with the Court's Order has forced LIMU to file this Motion.

## **Legal Analysis**

12.    Rule 37(b) provides for the imposition of sanctions against a party who fails to obey an order to provide or permit discovery.  *See* Fed. R. Civ. P. 37(b); *Vilsant v. Saxon Mort. Servs.*, 2009 U.S. Dist. LEXIS 15859 (S.D. Fla. 2009).  Specifically, Rule 37(b) allows a court, in its discretion to impose the following sanctions: (1) order that disputed facts related to the violated order be considered established in accordance with the claim of the party obtaining the sanctions order; (2) refuse to permit the violating

party to raise certain defenses, or prohibit that party from opposing certain claims or defenses of the party obtaining the sanctions order; (3) strike any pleadings or any parts of the pleadings of the violating party, stay the proceedings, or even dismiss the action or render a judgment of default against the violating party; (4) treat the violation as contempt of court and (5) assess reasonable attorney's fees and expenses.  *See id*.

13.     Courts have broad discretion in fashioning appropriate sanctions for violation of discovery orders.  *CTFC v. Alpha Trade Group, S.A.*, 2012 U.S. Dist. LEXIS 128904, *6 (M.D. Fla. Aug. 24, 2012).  While dismissal or striking of pleadings are not warranted for violations of orders caused by simple negligence or misunderstanding, <u>when a party demonstrates a flagrant disregard for the court and the discovery process, striking of pleadings or dismissal is not an abuse of discretion</u>.  *See id* at *7.  Indeed, such sanctions may be proper even when not preceded by lesser sanctions if the court believes that lesser sanctions would be ineffective.  *See id*.

14.     In this case, Defendants have demonstrated a continual, deliberate and wanton disregard for the Court and the discovery process.  Defendants have never served any response to either of the Discovery Requests.  Defendants' counsel initially agreed to deposition dates for Defendants, but claimed that both depositions needed to be cancelled based upon alleged medical condition of Mrs. Burling.  Defendants never provided a basis for the cancellation of Mr. Burling's deposition, nor did Defendants make any effort to offer reasonable accommodations for Mrs. Burling's deposition to move forward as previously scheduled.  Defendants have never provided alternative dates for those depositions.  Defendants also failed to timely respond to requests for admissions served

042480.000003 602234328.1

by LIMU.  Finally, after LIMU filed the Motion to Compel- to which Defendants failed

to file any response- Defendants forced this Court to enter the Order wherein the Court

ordered Defendants to undertake a variety of efforts in responding to discovery and

appearing for deposition.  Now, Defendants have ignored, without any justification, this

Court's Order, and have failed to participate in the discovery process at every turn.

15.    Defendants' inaction and disregard for the Court and the discovery process

requires harsh sanctions.   The Court already imposed the payment of attorneys' fees and

costs incurred by LIMU against Defendants, but such sanctions were ineffective in

obtaining Defendants' participation in the discovery process.  Thus, based upon the litany

of discovery abuses by Defendants, which have caused the imposition of unnecessary

attorneys' fees and time by LIMU and the unnecessary intervention of the Court, LIMU

requests an order striking the pleadings of Defendants in this action.   Alternatively,

LIMU requests that this Court compel the immediate production of documents in

response to the Request for Production, require an immediate response to the

Interrogatories, award attorneys' fees and costs in favor of LIMU incurred in filing this

Motion, and hold Defendants in contempt of Court.

### Local Rule 3.01(g) Good Faith Conference

16.    Counsel for LIMU conferred, by telephone, in good faith with counsel for

Defendants on May 9, 2013 in an effort to resolve the issues raised in this Motion.

Counsel for Defendants was unable to provide any explanation for the failure of

Defendants to comply with their discovery obligations or the Court's Order.  Therefore,

the parties were unable to resolve any of the issues raised in this Motion.

## Conclusion

WHEREFORE, Plaintiff, LIMU Company, LLC, respectfully requests that this Court enter an order striking the pleadings of Defendants, Andrew Burling and Nancy Burling, and enter judgment in favor of LIMU based upon their continual and willful disregard for the Court and the discovery process.  Alternatively, LIMU requests that this Court require Defendants to: (1) immediately serve answers to LIMU's First Set of Interrogatories and responses to LIMU's First Request for Production of Documents dated February 6, 2013; (2) produce documents and electronically stored information that are responsive to the First Request for Production of Documents to LIMU; and (3) appear for their depositions at a mutually agreeable location within ten (10) days after service of proper discovery responses and documents.  Plaintiff, LIMU Company, LLC, also requests an award of its reasonable attorneys' fees and costs incurred in filing this Motion and such other relief as this Court deems just and proper.

DATED this 30th day of May, 2013.

s/Brandon T. Crossland
Robert W. Thielhelm, Jr.
Florida Bar No. 889679
Brandon T. Crossland
Florida Bar No. 021542
BAKER & HOSTETLER LLP
2300 SunTrust Center
Post Office Box 112
Orlando, FL 32802
Telephone:  407-649-4000
Telecopier:  407-841-0168
E-mail:  rthielhelm@bakerlaw.com
         bcrossland@bakerlaw.com

*Attorneys for Plaintiff, LIMU Company, LLC*

042480.000003 602234328.1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 30, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:

Richard D. Franzblau, Esq.
Email:  rdfranz@rdfllc.com

<u>*s/ Brandon T. Crossland*</u>
Brandon T. Crossland

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIMU COMPANY, LLC,

        Plaintiff,

vs.

ANDREW BURLING and NANCY
BURLING,                         Case No. 6:12-cv-347-Orl-TBS

        Defendants.

---

## <u>NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO<br>DEFENDANTS</u>

Plaintiff, LIMU COMPANY, LLC, hereby gives notice of serving its First Set of

Interrogatories to Defendants, Andrew Burling and Nancy Burling, to Richard D.

Franzblau, Esq., Counsel for Defendants,  1802 N. Alafaya Trail, Suite 137, Orlando, FL

32826 by facsimile and U.S. Mail, postage prepaid, on February 6, 2013.

                           Robert W. Thielhelm, Jr.
                           Florida Bar No. 889679
                           rthielhelm@bakerlaw.com
                           Brandon T. Crossland
                           Florida Bar No. 021542
                           bcrossland@bakerlaw.com
                           BAKER & HOSTETLER LLP
                           200 South Orange Avenue, #2300
                           Post Office Box 112
                           Orlando, Florida 32802
                           Telephone:  407-649-4000
                           Telecopier:  407-841-0168

                           *Attorneys for Plaintiff, The LIMU*
                           *Company, LLC*



EXHIBIT

A

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Service has been furnished this 6th day of February, 2013, by facsimile and U.S. Mail, postage prepaid, to:

Richard D. Franzblau, Esq.
1802 N. Alafaya Trail, Suite 137
Orlando, FL 32826
Fax: 321-413-0300
*Attorney for Defendants*

Brandon T. Crossland

601925812.1

2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIMU COMPANY, LLC,

               Plaintiff,

vs.

ANDREW BURLING and NANCY
BURLING,                           Case No. 6:12-cv-347-Orl-TBS

               Defendants.
_____

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS, ANDREW BURLING AND NANCY BURLING

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff, LIMU COMPANY ("LIMU"), requests Defendants, ANDREW BURLING and NANCY BURLING, respond in writing and under oath to the following interrogatories within thirty (30) days of service.

These interrogatories are made pursuant to the following Definitions and Instructions, which are an integral part of these interrogatories and which shall be read into and control each particular interrogatory.

### DEFINITIONS

1.    "Burlings," "you" and "your" mean Defendants, Andrew Burling and Nancy Burling, their heirs, successors and assigns.

2.    "Document" and "Documents" shall have the meaning ascribed to them under the Federal Rules of Civil Procedure and shall also mean all electronically stored information ("ESI") including, without limitation, electronic data or data compilations, electronic files, e-mail, and other electronic communications saved to or located on hard disks, file servers, floppy disks, CDs, DVDs, backup tapes, thumb drives, or any other electronic media, whether in tangible or electronic form.

3.     "The action" refers to the above-entitled action.

4.     "Communication" means any transmittal or exchange of information, whether oral, telephonic, written, printed, recorded, graphic, photographic and/or by any other process by which meanings are exchanged through a common system of symbols.

5.     "Identify," "identity" or "identification," when used with reference to a document, means to set forth, with respect to the original and each copy thereof, the following information:

    a.    Its title or, if untitled, its nature (e.g., letter, memorandum, telegram, note, chart, photograph, sound reproduction, computer printout, etc.);

    b.    Its date;

    c.    The identity of the person or persons who composed or originated it;

    d.    The identity of each person, file and business entity to whom the original or a copy was sent;

    e.    Its substance;

    f.    The name and last known address of each person who presently has custody of it;

    g.    If the document is no longer in your possession, custody or control, state whether it was lost, destroyed or otherwise disposed of and describe the circumstances, including your authorization and the date of such disposition; and

    h.    If you claim any privilege against disclosure of any of the above information with respect to any document, describe each such document sufficiently to allow defendant to move the Court to compel its disclosure.

6.     "Identify," "identity" or "identification," when applied to a natural person, means to state the following:

    a.    The person's full name, present or last known residence and business address and residential business telephone number;

    b.    The person's present or last known employer; and

     c.     Each title and position he or she has held in a business entity by date and function (e.g., research, distribution, advertising, etc.).

7.     "Identify," "identity" or "identification," when used with reference to a business entity, means to state the following:

     a.     The nature of its trade or business;

     b.     The identity of its chief executive officer; and

     c.     Its principal place of business.

8.     "Identify" or "describe," when used with reference to an act, activity, transaction, event, occurrence, fact, meeting, agreement or communication, means to set forth the following information:

     a.     The date(s), time(s) and place(s) it occurred;

     c.     The identity of each person and business entity participating therein; and

     d.     Its nature (e.g., negotiations, etc.) and substance.

9.     The masculine includes the feminine and neuter herein, and the singular includes the plural herein.

10.     "Any" shall be understood to include and encompass "all."

## INSTRUCTIONS

1.     In answering these interrogatories, please furnish all information available to you, hearsay or otherwise, including information in the possession of your attorneys, accountants, investigators, adjusters, representatives, insurance carrier(s), investigators for your attorneys, or anyone acting on your behalf or their behalf, and not merely information known to you of your own personal knowledge. If you cannot answer the above interrogatories in full after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

2.     These comprise continuing interrogatories, and demand is made for such additional information as may amend, modify, or otherwise change the answers hereto immediately upon your acquisition of such new information, through trial.

3.     If any information called for by any interrogatory herein is withheld because you claim that such information is protected from discovery by the attorney-client privilege, the attorney work product protection doctrine or by any other privilege or protection, state the following with respect to such information:

     a.   the identity(ies) of the author(s) or maker(s), including the business or legal title(s) or position(s);

     b.   the identity of the recipient(s), including business or legal title or position;

     c.   the subject matter(s);

     d.   the identify(ies) of all other persons who received copies or otherwise learned of the communication;

     e.   the applicable date(s);

     f.   which privilege is claimed; and

     g.   the specific factual basis of the claimed privilege or other protection from discovery.

## **INTERROGATORIES**

Interrogatory No. 1:  Please identify any and all persons who may have knowledge of any of the allegations within the Complaint, including any amended versions thereto, the responses, answers, denials or defenses asserted by you in the Answer to Complaint filed in this action.  This should include the person's name, address, telephone number, a brief description of the subject matter of said person's knowledge in relation to this litigation, and said person's relationship to you, if any.

Response:

Interrogatory No. 2:  Please identify each and every payment you have received from LIMU pursuant to the "Front Line Membership Agreement" between you and LIMU, including any addenda or amendments thereto (the "Contract").  This should include the date of the payment, the amount of the payment, the manner of the payment, *i.e.* check, cash, or wire transfer, and the reason for the payment.

Response:

<u>Interrogatory No. 3</u>:   Please identify each and every payment you made to LIMU pursuant to the Contract.  This should include the date of the payment, the amount of the payment, the manner of the payment, *i.e.* check, cash, or wire transfer, and the reason for the payment.

<u>Response</u>:

<u>Interrogatory No. 4</u>:   If you assert that you achieved all of the benchmarks identified in Paragraph 3.b of Addendum Two to the Contract with LIMU (the "Addendum Two"), then please identify each benchmark, when you achieved the benchmark and how each benchmark was achieved.   If you failed to achieve any benchmark, then please identify each benchmark you failed to achieve and state the reason(s) for failing to achieve each benchmark.

<u>Response</u>:

<u>Interrogatory No. 5</u>:   Please identify each and every conference, meeting, or training session that you held in 2011 or 2012 relating to LIMU or the Contract.  This should include the date of the event, the location of the event, the name of the event, the purpose and subject matter of the event, and the name and contact information for each person who attended the event.

<u>Response</u>:

9

<u>Interrogatory No. 6</u>:  Please identify each and every LIMU sponsored event you
have attended since May 17, 2011.  This should include the date of the event, the
location of the event, the name of the event, and the name and contact information
for each person who also attended the event.

<u>Response:</u>

<u>Interrogatory No. 7</u>:   Please identify the specific actions undertaken by LIMU, or its principals, that constitute bad faith or unclean hands as to you relating to performance under the Contract.  This should include the specific action or inaction of LIMU, the date of the alleged action or failure to act, the person responsible, and the detrimental effect it had on you or your ability to comply with your obligations under the Contract.

   <u>Response</u>:

**Interrogatory No. 8**:  Please identify the specific improper interference undertaken by LIMU, or its principals, that warrant the preclusion of LIMU's claims in this action.  This should include the specific interference, the date of the alleged interference, the person responsible, the detrimental effect it had on you or your ability to comply with your obligations under the Contract, and the name and contact information for any individuals that can verify the interference.

       **Response**:

<u>Interrogatory No. 9</u>:   If you denied any of the Requests for Admission served contemporaneously herewith, please explain, in detail, the basis for denying each Request.  This should include any and all assertions or assumptions that would have required you to admit each Request.

<u>Response</u>:


_____
ANDREW BURLING

STATE OF FLORIDA
COUNTY OF ORANGE

    The foregoing instrument was acknowledged before me this _____ day of _____, 2013 by Andrew Burling, who, being first duly sworn, states that the answers provided herein are true and correct.  He/she is personally known to me or has produced _____ as identification.


_____
NOTARY PUBLIC
My Commission Expires:


_____
NANCY BURLING

STATE OF FLORIDA
COUNTY OF ORANGE

    The foregoing instrument was acknowledged before me this _____ day of _____, 2013 by Nancy Burling, who, being first duly sworn, states that the answers provided herein are true and correct.  He/she is personally known to me or has produced _____ as identification.


_____
NOTARY PUBLIC
My Commission Expires:

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIMU COMPANY, LLC,

          Plaintiff,

vs.

ANDREW BURLING and NANCY
BURLING,                                      Case No. 6:12-cv-347-Orl-TBS

          Defendants.

_____

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS, ANDREW BURLING AND NANCY BURLING

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, LIMU COMPANY, LLC ("LIMU") requests that Defendants, ANDREW BURLING and NANCY BURLING ("Burlings") produce for inspection and copying the documents identified in the following Requests at the offices of Baker & Hostetler LLP, 2300 SunTrust Center, 200 South Orange Avenue, Orlando, Florida 32801, within 30 days of service of these Requests.

      These Requests are made pursuant to the following Definitions and Instructions, which are an integral part of these Requests and that shall be read into and control each particular Request.

### DEFINITIONS AND INSTRUCTIONS

     1.     "The Action" refers to the above-entitled action.

     2.     If any information called for by any Request herein is withheld because you claim that such information is protected from discovery by the attorney-client privilege, the work product protection doctrine or by any other privilege or protection, state the following with respect to all such information:



a.    the identity(ies) of the author(s) or maker(s), including the business or legal title(s) or position(s);

b.    the identity of the recipient(s), including business or legal title or position;

c.    the subject matter(s);

d.    the identify(ies) of all other persons who received copies or otherwise learned of the communication;

e.    the applicable date(s);

f.    which privilege is claimed; and

g.    the specific factual basis of the claimed privilege or other protection from discovery.

3.    "Document" and "Documents" shall have the meaning ascribed to them under the Federal Rules of Civil Procedure and shall also mean all electronically stored information ("ESI") including, without limitation, electronic data or data compilations, electronic files, e-mail, and other electronic communications saved to or located on hard disks, file servers, floppy disks, CDs, DVDs, backup tapes, thumb drives, or any other electronic media, whether in tangible or electronic form.

4.    "Communication" means any transmittal or exchange of information, whether oral, telephonic, written, printed, recorded, graphic, photographic and/or by any other process by which meanings are exchanged through a common system of symbols.

5.    The masculine includes the feminine and neuter herein, and the singular includes the plural herein.

6.    "Any" shall be understood to include and encompass "all."

7.    The terms "you" "your" and "Burlings" mean and refer to Defendants, Andrew Burling and Nancy Burling, whether jointly or separately, their heirs, successors and assigns.

8.    The term "relating to" shall be construed in the broadest sense to require production of documents that directly or indirectly refer to, discuss, or mention the subject matter of the Request.

9.    If you object to any portion of a Request, please produce all documents called for by that portion of the Request to which you do not object.

10.    You are requested to produce all documents in the same form and order as they were kept prior to service of this Request.

11.    All ESI shall be produced in native file format, with original metadata and accompanied by industry standard load files for native productions.  Any ESI that is not text-searchable in native form shall be rendered with OCR software to produce searchable text.  Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form shall be produced as single page TIFF images with document level (multi-page) searchable text (.TXT) files, rendered with OCR software. The source of the documents (e.g., hard copy, scanned documents) shall be identified. Load files for such productions shall include document breaks which indicate the start and stop of a document and sequential Bates numbering without gaps.

## DOCUMENT REQUESTS

1.    Any and all copies, drafts or executed versions of the "Front Line Membership Agreement" between you and LIMU, including any addenda or amendments thereto (the "Contract").

2.    Any and all copies, drafts or executed versions of the Addendum to Front Line Agreement between you and LIMU (the "Addendum One").

3.    Any and all copies, drafts or executed versions of the Addendum Two to the Contract between you and LIMU (the "Addendum Two")

4.    All emails, letters, notes, telephones records, texts, electronically stored information ("ESI") or other documents identifying any communications between you and LIMU regarding the Contract, Addendum One or Addendum Two.

5.    All emails, letters, notes, telephones records, texts, electronically stored information ("ESI") or other documents identifying any communications between you and any other party regarding the Contract, Addendum One or Addendum Two.

6.    All emails, letters, notes, telephones records, texts, electronically stored information ("ESI") or other documents identifying any communications between you and any other party regarding LIMU.

7.    All documents identifying any response from you to LIMU regarding the letter dated November 2, 2011, that is attached hereto as **Exhibit "A,"** or the letter dated January 25, 2012, that is attached hereto as **Exhibit "B."**

8.    All checks, receipt, wire transfer or cash records, bank statements, or any other documents that identify any payments LIMU made to you pursuant or in relation to the Contract.

9.    All checks, receipt, wire transfer or cash records, bank statements, or any other documents that identify any payments you made to LIMU pursuant or in relation to the Contract.

10.    Any and all press releases, announcements, memoranda, ESI or other documents that identify the alleged premature release of the announcement of your association with LIMU.

DATED this 6th day of February, 2013.

Robert W. Thielhelm, Jr.
Florida Bar No. 889679
rthielhelm@bakerlaw.com
Brandon T. Crossland
Florida Bar No. 021542
bcrossland@bakerlaw.com
BAKER & HOSTETLER LLP

200 South Orange Avenue, #2300
Post Office Box 112
Orlando, Florida 32802
Telephone: 407-649-4000
Telecopier: 407-841-0168

*Attorneys for Plaintiff, The LIMU
Company, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's First Request for Production of Documents to Defendants, Andrew Burling and Nancy Burling has been furnished this 6th day of February, 2013, by facsimile and U.S. Mail, postage prepaid, to:

Richard D. Franzblau, Esq.
1802 N. Alafaya Trail, Suite 137
Orlando, FL 32826
Fax: 321-413-0300
*Attorney for Defendants*

Brandon T. Crossland, Esq.

601925736.1

5

# Baker Hostetler

Baker&Hostetler LLP

303 East 17th Avenue
Suite 1100
Denver, CO 80203-1264

T 303.861.0600
F 303.861.7805
www.bakerlaw.com

D.J. Poyfair
direct dial: 303.764.4099
djpoyfair@bakerlaw.com

November 2, 2011

**VIA OVERNIGHT MAIL and email to: www.limu2020@gmail.com and www.diamondsponsor@mac.com**

Andrew & Nancy Burling
7703 N. Kidds Road
Hayward, WI 54843

Dear Mr. and Mrs. Burling:

The law firm of Baker & Hostetler LLP has been retained by The Limu Company, LLC ("LIMU") regarding your performance of the Front Line Member Agreement and all addendums thereto (collectively, the "Agreement") that you entered into with Limu on May 20, 2011. As you are aware, the purpose of the Agreement was to place you on the Front Line to LIMU in LIMU's genealogy for the mutual benefit of yourselves as network marketers and LIMU as a network marketing company.

Under the Agreement, LIMU agreed to pay you a One-Time Signing Bonus of $100,000 in exchange for your joining LIMU as independent LIMU Members. On May 23, 2011, LIMU wired you $100,000 per its obligation under the Agreement. The Agreement, however, required you to achieve certain performance obligations and benchmarks in order to retain the $100,000 signing bonus. Specifically, the Agreement provides:

> **b. Benchmarks.** The Burlings shall achieve the following in the time frames specified below:
>
> i. Paid as rank of 100K by the end of Month 1
> ii. Paid as rank of 100K by the end of Month 2
> iii. Paid as rank of 100K by the end of Month 3
> iv. Paid as rank of 100K by the end of Month 4
> v. Paid as rank of 100K by the end of Month 5
> vi. Paid as rank of 200K by the end of Month 6

The Agreement further provides that "Should the Burlings fail to meet these criteria, they shall repay LIMU the full amount of the One-Time Signing Bonus" as well as "all Bridge Compensation."

Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa
Denver    Houston    Los Angeles    New York    Orlando    Washington, DC



EXHIBIT

A

November 2, 2011
Page 2

LIMU has become aware that you have failed to achieve the performance benchmarks set forth in the Agreement.  Your total Organization Sponsoring was between 1 and 14 for the months May through October, 2011, and your total Organization Volume ranged between $500 and $7387 for the same months.

Because you have not achieved the performance benchmarks within the time specified under the Agreement, LIMU hereby demands that you repay the full $100,000 signing bonus by November 14, 2011 in accordance with your obligation under the Agreement.  Should circumstances exist requiring additional time to repay that amount in full, please contact me immediately to discuss.

LIMU hopes that this matter can be resolved quickly and amicably.  However, in the event that you refuse to honor your obligation to repay your signing bonus, LIMU will not hesitate to enforce its rights by all lawful means, including proceeding under the Dispute Resolution provision of the Agreement and taking any and all appropriate legal action to recover the amount due and any attorneys' fees and costs incident to recovery.

If you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

D. J. Poyfair, Esq.

Cc:  Gary J. Raser; Cory M. Curtis, Esq.; Justin T. Winquist, Esq.

# Baker Hostetler

Baker&Hostetler LLP

303 East 17th Avenue
Suite 1100
Denver, CO 80203-1264

T 303.861.0600
F 303.861.7805
www.bakerlaw.com

January 25, 2012

D.J. Poyfair
direct dial: 303.764.4099
DPoyfair@bakerlaw.com

Andrew & Nancy Burling
7703 N. Kidds Road
Hayward, WI 54843

Re:  LIMU Demand to Mediate Dispute Concerning Front Line Member Agreement and
All Addenda Thereto

Dear Mr. and Mrs. Burling:

On November 2, 2012, I sent you a letter on behalf of The LIMU Company, LLC
("LIMU"), which has retained the law firm of Baker & Hostetler LLP in connection with
your failure to perform your obligations under the Front Line Member Agreement and all
Addenda thereto (collectively, the "Agreements"). For your convenience, I enclose a
copy of that letter here. In that letter, I explained that you have failed to fulfill your
obligations under the Agreements and that you are obligated under the terms of the
Agreements to repay LIMU the full $100,000 signing bonus that you received. To date,
you have failed to honor that obligation.

Accordingly, pursuant to Paragraph 13.b. of the Front Line Member Agreement, LIMU
hereby demands that you submit to mediation of this dispute. Under Section 13.b of
the Front Line Member Agreement, the parties to this dispute have 14 days from the
date of this notice of mediation to select a mutually acceptable mediator. LIMU
proposes either of the following mediators:

Jay M. Cohen, Florida Supreme Court Certified Civil Mediator
Benjamin H. Hill, III, Hill, Ward & Henderson

Please contact me at your earliest convenience concerning appointment of a mutually
acceptable mediator and scheduling a mediation to be held at the LIMU corporate
offices in Lake Mary, Florida.

In the event that you refuse to submit to mediation in accordance with the Agreements,
LIMU will be prepared to immediately file a legal action against you for repayment of all
compensation, incentives, and bonuses already paid to you by LIMU, damages
resulting from your breaches of the Agreements, and all other remedies provided by
law. Enclosed with this letter is a draft of the complaint that LIMU will file against you in

Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa
Denver    Houston    Los Angeles    New York    Orlando    Washington, DC



EXHIBIT

B

January 25, 2012
Page 2


Florida federal court in the event that you refuse to submit to mediation or refuse to
reach a resolution during mediation.



Regards,

D.J. Poyfair

DJP/gmv
Enclosure

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIMU COMPANY, LLC,

Plaintiff,

vs.

ANDREW BURLING and NANCY
BURLING,

Case No. 6:12-cv-347-Orl-TBS

Defendants.

## PLAINTIFF'S NOTICE OF TAKING DEPOSITIONS

TO:   Richard D. Franzblau, Esq.
Richard Franzblau LLC
1802 N. Alafaya Trail, Suite 137
Orlando, FL 32826

PLEASE TAKE NOTICE that Plaintiff, LIMU COMPANY, LLC, by and through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, will take the depositions of Defendants, ANDREW BURLING and NANCY BURLING, at the dates and times specified below 7703 N. Kidds Road, Hayward, Wisconsin 54843:

ANDREW BURLING          March 11, 2013 at 9:00 a.m.

NANCY BURLING           March 11, 2013 at 1:00 p.m.

These depositions shall be taken upon oral examination before an officer duly authorized by law to administer oaths and take testimony.

The depositions are being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable rules of court. The depositions will continue from day to day until completed.

DATED this 21st day of February, 2013.



Robert W. Thielhelm, Jr.
Florida Bar No. 889679
Brandon T. Crossland
Florida Bar No. 021542
BAKER & HOSTETLER LLP
2300 SunTrust Center
Post Office Box 112
Orlando, FL 32802
Telephone:  407-649-4000
Telecopier:  407-841-0168
E-mail:  rthielhelm@bakerlaw.com
        bcrossland@bakerlaw.com

Attorneys for Plaintiff, LIMU Company, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's  Notice of Taking Depositions has been furnished this 21st day of February, 2013, by email and U.S. Mail, postage prepaid, to:

Richard D. Franzblau, Esq.
Richard Franzblau LLC
1802 N. Alafaya Trail, Suite 137
Orlando, FL 32826
Email:  rdfranz@rdfllc.com

Brandon T. Crossland

601935304.1

2