UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIMU COMPANY, LLC,

    Plaintiff,

v.                                              Case No:  6:12-cv-347-Orl-TBS

ANDREW BURLING and NANCY
BURLING,

    Defendants.

## ORDER

Pending before the Court is Plaintiff, LIMU Company, LLC's, Motion to Compel for Sanctions and for Contempt against Defendants.  (Doc. 41).

Plaintiff propounded interrogatories and requests for production to Defendants who did not provide a response.  The discovery was directed in part, to Defendants' affirmative defenses including Requests for Production 4 and 7 (First Affirmative Defense); Request for Production 10 and Interrogatories 7 and 8 (Second, Third, Fourth and Fifth Affirmative Defenses).

Defendants also cancelled the deposition of Andrew Burling without providing any explanation and the deposition of Nancy Burling with minimal explanation. Defendants have not cooperated in the rescheduling of their depositions.  Plaintiff filed a motion to compel (Doc. 28), which this Court granted (Doc. 33).  In its Order, the Court required Defendants to answer the interrogatories in full and produce the requested documents within 14 days.  It also ordered Defendants to make themselves available for deposition within 30 days from the rendition of the Order.  Defendants did not obey the Court's

Order.  Plaintiff have now filed a second motion to compel (Doc. 41), to which Defendants did not serve a response.

On June 25, 2013, the Court held a hearing and made findings on the record which are incorporated into this Order.  Defendants' lawyer admitted that his clients had not complied with the discovery rules or the Court's order compelling discovery.  The Court inquired and was informed that Defendants had no explanation or excuse for their conduct.  Defendants did not claim ignorance of the law or the Court's Order; they did not claim there had been any misunderstanding; and they did not claim that they were unable to comply with the discovery rules or the Court's Order.  The only explanation offered by Defendants' lawyer was that perhaps his clients did not appreciate the importance of obeying the discovery rules and the Court's Order.

At the hearing, counsel for Plaintiff asked the Court to strike Defendants' affirmative defenses.  The Court reserved on this issue to review case law and decide whether striking Defendants' affirmative defenses is appropriate under these circumstances.

If a party does not comply with a court order, Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides that courts can issue sanctions, including:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

> (vi)     rendering a default judgment against the disobedient party; or
>
> (vii)     treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

To impose sanctions as extreme as striking a pleading or rendering a default judgment, the Court must find willfulness, bad faith, or fault.  See Broadcast Music, Inc. v. Bourbon Street Station, Inc., 3:09-cv-468-J-25-MCR, 2010 WL 1141584 (M.D. Fla. Mar. 23, 2010).  Simple negligence, misunderstanding, or inability to comply does not justify imposing severe sanctions.  Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993).  It is not clear error for the Court to impose a severe sanction if the offending party can provide no credible explanation for why the party did not comply with the Court's Order.  United States v. One 32' Scorpion Go-Fast Vessel, 339 F. App'x. 903, 905 (11th Cir. 2009) (citing Malautea, 987 F.2d at 1543).

Defendants have not provided any reasonable or legitimate explanation for their conduct.  Still, while the question is a close one, after due consideration, the Court finds that striking Defendants' affirmative defenses on this record would be too harsh a sanction.  Instead, the Court finds that Rule 37(b)(2)(A)(ii) provides the appropriate sanction in this case.  Accordingly, it is **ORDERED** that Defendants are prohibited from supporting any of their affirmative defenses.  This includes a prohibition against Defendants introducing any evidence in support of their affirmative defenses.

**DONE** and **ORDERED** in Orlando, Florida on June 28, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record