UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIMU COMPANY, LLC,

    Plaintiff,

v.                                    Case No: 6:12-cv-347-Orl-TBS

ANDREW BURLING and NANCY
BURLING,

    Defendants.

## ORDER

Pending before the Court is Plaintiff's Motion for Attorney's Fees. (Doc. 47). Defendants have not filed a response in opposition, and the time to do so has passed.

### I. Background

LIMU filed its Complaint on March 5, 2012 alleging breach of contract, unjust enrichment, and promissory estoppel. On February 6, 2013, LIMU served its First Set of Interrogatories, First Request for Production of Documents and First Request for Admissions on the Burlings. (Doc. 28-1, 28-2, Doc. 34-1). The Burlings failed to respond to these discovery requests. (Id. ¶ 3).

The parties agreed to take the Burlings' depositions in Wisconsin on March 11, 2013, but on March 8, 2013 the Burlings informed LIMU that they would be unable to attend the depositions because Nancy Burling had a medical condition. (Id. ¶ 5). Despite requests by LIMU, the Burlings did not provide new dates for their depositions. (Id. ¶ 7).

On March 11, 2013, LIMU filed a motion to compel the Burlings to answer the interrogatories, produce the documents requested in its first request for production, and appear for the taking of their depositions. (Doc. 28). The Burlings did not file a response,

and the Court granted the motion. (Doc. 33). The Court's Order allowed the Burlings fourteen days to answer LIMU's interrogatories, produce all documents responsive to the request for production, and provide dates for the taking of their depositions. (Id.).

When the Burlings did not comply with the Court's Order, LIMU filed another motion to compel for sanctions and contempt, which the Court heard on June 25, 2013. (Docs. 41, 44). After listening to counsel for the parties, the Court found that the Burlings had violated its earlier Order compelling discovery. (Docs. 44, 45). The Court ordered the Burlings to immediately furnish all discovery responsive to LIMU's interrogatories and requests for production and sanctioned the Burlings by prohibiting them from offering evidence in support of their affirmative defenses. (Id.). The Court also granted LIMU's request to award attorney fees incurred in filing its motion to compel and its motion for sanctions. (Docs. 33, 45).

Now, LIMU files its motion seeking the following fees:

| Attorney | Hourly Rate | Hours: Motion to Compel (Doc. 28). | Hours: Motion for Sanctions (Doc. 41). | Hours: Motion for Attorney Fees (Doc. 47). | Total |
|---|---|---|---|---|---|
| Robert W. Thielhelm, Jr. | $515 |  | 2.9 | 1.0 | $2,008.50 |
| Brandon T. Crossland | $310 | 2.3 | 4.7 | 8.0 | $4,650 |
|  |  |  |  |  | $6,658.50 |

II. Discussion

Because Defendants have not responded to the motion, the Court lacks the benefit of scrutiny and analysis from the opposing party. See Godoy v. New River Pizza, Inc.,

- 2 -

565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that the adversarial process normally aids the Court in determining whether the amount of attorney's fees requested is reasonable.). In fact, Defendants' failure to defend against the motion raises an inference that it does not object to the relief sought. Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co., 527 F.Supp.2d 1355, 1371 (M.D. Fla. 2007) (citing Freshwater v. Shiver, No. 6:05-cv-756, 2005 WL 2077306 *2 (M.D. Fla. Aug. 29, 2005)). Nonetheless, the Court has a duty to ensure that the request for attorney's fees is reasonable. Id. (citing Hensley, 461 U.S. at 433-434). "The Court may use its own expertise and judgment to make an appropriate independent assessment of the value of the attorney's services." Chemische Fabrik Budenheim KG v. Bavaria Corp. Intern., No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 * 5 (M.D. Fla. Jan. 6, 2010).

In the Eleventh Circuit, courts use the lodestar approach to determine reasonable attorney's fees. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. Id. at 1299. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The fee applicant can satisfy its burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l., No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 at *4 (M.D. Fla. Jan. 6, 2010). Once the Court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. Norman, 836 F.2d at 1302.

A. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rates are in line with the prevailing market rates. Id. However, "the Court may use its own expertise and judgment to make an appropriate independent assessment of the value of the attorney's services." Chemische, 2010 WL 98991, at *4 (citing Norman, 836 F.2d at 1303); see also Perez v. Sanford-Orlando Kennel Club, Inc., et al., No. 6:05-cv-269-Orl-28KRS, 2009 WL 2500290, at *2 (M.D. Fla. Aug. 14, 2009) ("It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees."). When determining whether a rate is reasonable the Court considers the following factors:

> 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

Bivins v. Wrap It Up, Inc., 380 F. App'x 888, 890 (11th Cir. 2010) (citing Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714 (5th Cir. 1974) overruled on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed. 2d 67 (1989)).

Mr. Thielhelm is a partner at Baker & Hostetler LLP who has been practicing complex commercial litigation in Florida since 1991. Mr. Crossland is an associate with Baker & Hostetler LLP who has been practicing commercial litigation in Florida since

2006.  (See Docs. 47 ¶¶ 19, 20; 48 ¶¶ 2, 3).  Plaintiff filed the affidavit of Eric Scott Golden, Esq. who attested to the reasonableness of Counsels' hourly rates.  (Doc. 50).  Having considered the Johnson factors, including the experience of the attorneys, the location of their practice, the Court's knowledge of market rates in Central Florida, and the affidavits of both Mr. Crossland and Mr. Golden, the Court finds the hourly rates sought are objectively reasonable.

### B. Reasonable Hours Spent

Next, the Court must determine the number of hours reasonably expended by counsel.  Prevailing attorneys "must exercise their own billing judgment to exclude any hours that are 'excessive, redundant, or otherwise unnecessary." Galdames v. N & D Inv. Corp., 432 F. App'x 801, 806 (11th Cir. 2011) (citations and inner quotations omitted).  Attorneys may only bill adversaries for the same hours they would bill a client.  Resolution Trust Corp. v. Hallmark Builders Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the Court adequately explains its reasons for doing so.  Galdames, 432 F. App'x at 806 (citations omitted).

Plaintiff has only attached partial billing statements to Mr. Crossland's affidavit.  (Doc. 48 at 6-8).  Mr. Crossland explains the billing statements are incomplete because Counsel has yet to complete the invoices.  He states that the time not shown in the billing statements provided to the Court include: (1) Mr. Thielhelm's time spent working on Plaintiff's motion to compel sanctions (Doc. 41); (2) .3 hours spent by Mr. Crossland on reviewing the Order granting the motion for sanctions (Doc. 45); and (3) time spent preparing the motion for attorney fees.  The Court cannot ascertain the reasonableness of the time spent on Plaintiff's motions to compel without adequate documentation.

Accordingly, the Court will award fees for the time documented by Mr. Crossland. This includes 2.3 hours for the motion to compel and 4.4 hours spent on the motion for sanctions, all performed by Mr. Crossland. Within 15 days of the issuance of this Order, Defendants shall pay Plaintiff **$2170** in attorney's fees for the time Plaintiff spent preparing its motion to compel and motion for sanctions. In all other respects, Plaintiff's motion is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on August 2, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record