UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIMU COMPANY, LLC,

    Plaintiff,

v.                                        Case No:   6:12-cv-347-Orl-TBS

ANDREW BURLING and NANCY BURLING,

    Defendants.

## ORDER

This case comes before the Court on Plaintiff, The LIMU Company, LLC's Motion to Compel Discovery Responses in Aid of Execution from Defendants, Andrew and Nancy Burling (Doc. 66). Plaintiff holds an unsatisfied judgment against Defendants (Doc. 54). On January 14, 2015, Plaintiff served interrogatories and requests for production on Defendants in an attempt to locate assets which can be used to satisfy the judgment (Docs. 66-1 through 66-4). Defendants have not responded to the motion and the time within to do so has expired. Consequently, the Court treats the motion as unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2012-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015).

As a general rule, in the absence of an extension of time for good cause, the failure of a party to object timely to interrogatories and production requests constitutes a waiver of any objections the responding party may have. In re U.S., 864 F.2d 1153, 1156 (5th Cir. 1989); Siddiq v. Saudi Arabian Airlines Corp., 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (A party that does not assert objections to discovery within time permitted by rule, stipulation, or court order waives objections and is

precluded from asserting objections in response to a motion to compel.); Brenford Envtl. Sys., L.P. v. Pipeliners of Puerto Rico, Inc., 269 F.R.D. 143 (D.P.R. 2010) (A responding party that fails to make a timely objection may be found to have waived any objections.); Bank of Mongolia v. M&P Global Fin. Servs., Inc., 258 F.R.D. 514, 518 (S.D. Fla. 2009) (Defendant who failed to timely object to plaintiff's document requests and failed to respond to inquiries concerning the whereabouts of the responses waived its objections.); Enron Corp. Savings Plan v. Hewitt Assocs., L.L.C., 258 F.R.D. 149, 156 (S.D. Tex. 2009); Pitts v. Francis, No. 5:07-cv-169-RS/EMT, 2008 WL 2229524, at *2 (N.D. Fla. May 28, 2008); Applied Sys., Inc. v. N. Ins. Co. of N.Y., No. 97-c-1565, 1997 WL 639235, at *2 (N.D. Ill. Oct. 7, 1997) (A party's failure to raise a timely objection to discovery requests may constitute a waiver of the objection, including the waiver of objections based upon privilege.).   By virtue of their failure to respond, Defendants have waived whatever objections they might otherwise have to Plaintiff's interrogatories and requests for production.

Federal Rule of Civil Procedure 37(d)(3) authorizes the court to "require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."   Rule 37(a)(5)(A) provides that a Court must grant "reasonable expenses incurred in making the motion, including attorney's fees," unless the movant filed the motion before attempting in good faith to obtain the disclosure without court action; the opposing party's position was substantially justified; or other circumstances make award of expenses unjust.   FED. R. CIV. P. 37(a)(5)(A).   None of the exceptions apply.

Accordingly:

The motion to compel is **GRANTED**.

(1)   Within seven days from the rendition of this Order, Defendants Andrew Burling and Nancy Burling shall provide complete, verified answers to Plaintiff's interrogatories.

(2)   Within seven days from the rendition of this Order, Defendants Andrew Burling and Nancy Burling shall produce to Plaintiff, all documents responsive to its requests for production.

(3)   Plaintiff is awarded its reasonable legal expenses, including attorney's fees, to prosecute the motion to compel.   If the parties do not agree on the amount within 14 days from the rendition of this Order, then within 21 days from the rendition of this Order, Plaintiff may file a motion to liquidate the amount of money it is entitled to.

**DONE** and **ORDERED** in Orlando, Florida on November 12, 2015.

*[Signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties